IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KASHA L. ROBINSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| § | CIVIL ACTION NO. _____ |
| § | |
| § | |
| TEXAS COLLEGE, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Kasha L. Robinson, Plaintiff in the above-captioned cause, makes and files this Plaintiff's Original Complaint complaining of and against Defendant Texas College. In support, Plaintiff shows as follows:

### A.  PARTIES

1. Plaintiff Kasha Robinson is an individual who resides in California.

2. Defendant Texas College is a private educational institution in Texas. It may be served with process by serving Dwight J. Fennell, Sr. at 2404 N. Grand Ave., Tyler, Texas 75702. Plaintiff requests service of process by any means authorized by law.

### B.  JURISDICTION & VENUE

3. The Court has jurisdiction over the lawsuit because the action arises under federal law, that is, Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§ 2000e, et seq. Venue is proper in this district because a substantial part of the events or omissions giving rise to

this claim occurred in this district. The unlawful discrimination and retaliation complained about in this lawsuit occurred in this district. 42 U.S.C. § 2000e-5(f)(3).

## C.   FACTS

4. Kasha Robinson worked as a recruiter for Texas College. She began working for Texas College in October 2012.

5. As a Seventh-day Adventist, she is a Sabbatarian. Before Texas College hired her, Robinson told Texas College that she could not work on Saturdays because of her sincerely held religious beliefs. The seventh-day Sabbath, observed from Friday sunset to Saturday sunset, is an important part of the beliefs and practices of seventh-day churches. Robinson is a follower of this religious belief and practice.

6. After Texas College hired Robinson, it purposefully scheduled her to work Saturdays. Consistent with her religious beliefs and practices, Robinson refused to work on Saturdays and told her supervisors why. She asked for a scheduling accommodation. She agreed to trade Saturday recruiting events for Sunday events.

7. Texas College retaliated and discriminated against Robinson. Texas College gave Robinson an unfavorable employment evaluation after only a few months of employment.   Texas College then terminated her employment on or about January 31, 2013. Texas College fired her because of her observance of Sabbath. Texas College terminated her in violation of the Title VII and Chapter 21 of the Texas Labor Code.

8. Following her termination, Robinson timely filed a charge of discrimination with the Equal Employment Opportunity ("EEOC"). A true and correct copy of the charge is attached as Exhibit "A." Exhibit "A" is incorporated herein as if set out in full. She received a "right to sue"

letter, and she files this complaint within 90 days of receiving her letter. The letter is attached as Exhibit "B." All conditions precedent have been performed or have occurred.

### D. RELIGIOUS DISCRIMINATION AND RETALIATION

9. Plaintiff is an employee within the meaning of Title VII; Defendant is an employer within the meaning of Title VII. Robinson belongs to a class protected under the statue, namely a Seventh-day Adventist and Sabbatarian. Under Title VII, it is an unlawful employment practice for an employer to discriminate or retaliate against any of its employees because the employee has opposed any practice made an unlawful employment practice by the statute. Religious discrimination in the workplace is unlawful under Title VII.

10. Texas College intentionally discriminated against Robinson because of her religion in violation of Title VII by refusing to accommodate her request not to work on the day she observes Sabbath and by terminating her employment.

11. In addition, Robinson engaged in a protected activity by opposing the complained of unlawful religious discrimination and by asking for an accommodation. Approximately two week before Texas College fired Robinson, she wrote to Human Resources and the Enrollment Services Administrators at Texas College. She requested a reasonable religious accommodation, as allowed for Sabbatarians pursuant to Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act. Texas College made no response and fired her. Thus, she suffered an adverse employment action. A causal link exists between her protected activity and the adverse employment action in this case. Texas College fired her within two weeks after she requested the accommodation. Texas College is liable under Title VII for unlawful retaliation and discrimination.

12.     Likewise, Defendant Texas College is liable to Plaintiff under Chapter 21 of the Texas Labor Code, which prohibits religious discrimination against employees and makes it unlawful to retaliate or take adverse employment action against an employee for opposing a discriminatory practice.

### E.  DAMAGES

13.     As a direct and proximate result of the foregoing conduct, Plaintiff Robinson suffered injuries and damages. Defendant fired her, and she has lost income and employment benefits. She has also had mental anguish and suffered from embarrassment due to being fired. She is entitled to seek and recover the following damages:

- Back Pay;
- Front Pay;
- Loss of employment benefits;
- Compensatory damages, including damages for mental anguish and inconvenience;
- Punitive damages because Defendant acted intentionally, with malice, and/or with reckless indifference;
- Attorney's fees and court costs; and
- Pre and post-judgment interest at the maximum rate allowed by law.

### F.  ATTORNEY'S FEES

14.     Plaintiff was forced to engage counsel to protect her rights. Plaintiff is entitled to an award of attorney's fees and costs under Title VII.   42 U.S.C. §2000e-5.

## G.  PRAYER

**FOR THESE REASONS**, Plaintiff Robinson asks that the Court issue a summons for Defendant to appear and answer, and that the Court sign a final judgment against Defendant and award Plaintiff the following:

a. Back Pay;

b. Front Pay;

c. Loss of employment benefits;

d. Liquidated-damages within the meaning of the FMLA;

e. Attorney's fees;

f. Court costs;

g. Pre and post-judgment interest at the maximum rate allowed by law; and

h. All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Gregory S. Porter

Gregory S. Porter
SBN:  24002785
**PORTER LAW FIRM, P.C.**
3311 Woods Blvd.
Tyler, Texas  75707
(903) 561-5144
(903) 705-6253 Fax
greg@gregporterlaw.com

**ATTORNEY FOR PLAINTIFF**